**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GREG E. GARWOOD,**

**Plaintiff,**

**v.** **Case No: 8:25-cv-01650-MSS-NPM**

**FRANK BISIGNANO,**
**Commissioner of Social Security,**

**Defendant.**

---

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Complaint, seeking review of the denial of his claim for Supplemental Security Insurance benefits. (Dkt. 1) On August 21, 2026, United States Magistrate Judge Nicholas P. Mizell issued a Report and Recommendation ("R&R"). Judge Mizell recommended that the Commissioner's decision be affirmed. (Dkt. 20) On September 4, 2026, Plaintiff filed Objections to the R&R. (Dkt. 21) The Commissioner has not filed a response in opposition to Plaintiff's Objections, and the time for doing so has passed.

## I. DISCUSSION

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the Magistrate Judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall

make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Judicial review in a disability case is limited to the question of whether substantial evidence exists to support the findings of the administrative law judge ("ALJ"), and whether the ALJ applied the correct legal standards. See 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Lewis v. Callahan, 125 F.3d 1436, 1439-40 (11th Cir. 1997). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). If the ALJ's decision is supported by substantial competent evidence from the record as a whole, a court will not disturb that decision. Even if the evidence preponderates against the Commissioner's findings, a court must affirm the decision if it is supported by substantial evidence. Id. at 1158.

Plaintiff asserts two objections to the R&R. (Dkt. 21) The Court considers each in turn.

**A. Plaintiff's first objection is due to be overruled.**

Plaintiff's first objection is that the Report and Recommendation fails to acknowledge that the ALJ erred in failing to make clear the weight accorded to the various evidence considered and ignoring the overwhelming bulk of the evidence. (Dkt. 21 at 1) Plaintiff states that "[t]he ALJ has failed to make clear the weight accorded to each item of evidence and the reasons for those decisions, so as to enable a reviewing court to determine whether the ultimate decision is based on substantial evidence. … He has, instead, engaged in picking and choosing evidence to justify the denial of a claim. … He has failed to consider all the evidence that shows [Plaintiff] had extensive physical impairments that impacted his life and ability to work." (Id. at 4)

The R&R correctly states that "an ALJ is not guilty of cherry picking by merely specifying 'the evidence that supports his conclusion.'" (Dkt. 20 at 11 (quoting Spencer v. Kijakazi, No. 8:21-cv-946-WFJ-TGW, 2022 WL 8224085, *4 (M.D. Fla. Aug. 26, 2022))) Rather, as observed in the R&R, "the claimant must persuade us that the ALJ failed to consider the totality of the evidence." (Id.); accord Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (an ALJ's decision may warrant reversal when it is a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole.") (cleaned up). A claimant "must do more than point to evidence in the record that supports [his]

position; [he] must show the absence of substantial evidence supporting the ALJ's conclusion." Sims v. Comm'r, 706 F. App'x 595, 604 (11th Cir. 2017).[1]

Plaintiff's contention that the ALJ failed to assign weight to various evidence and to consider evidence favorable to Plaintiff, and that the R&R erred in not granting Plaintiff relief on the basis of these alleged failures, is not supported. To be sure, the ALJ stated that, "[a]s for medical opinions and prior administrative medical findings, the undersigned cannot defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical findings or medical opinions, including those from medical sources." (Tr. 18) However, that is not to say that the ALJ did not consider the full evidentiary record, including Plaintiff's subjective complaints, the overall medical history, and the opinions of the state agency medical consultants. See Truesdell v. Comm'r of Soc. Sec., No. 619CV00886ORLDCI, 2020 WL 4366084, at *5 (M.D. Fla. July 30, 2020), aff'd, No. 20-13416, 2022 WL 401548 (11th Cir. Feb. 10, 2022) ("Although the ALJ never stated the weight assigned to Dr. Lester's opinion, the ALJ summarized the contents of the opinion, showing the ALJ clearly considered it") (citations omitted); see also Osgood v. Comm'r of Soc. Sec., No. 2:16-CV-82-FTM-MRM, 2017 WL 1045505, at *5 (M.D. Fla. Mar. 20, 2017) ("While the ALJ failed to state with particularity the weight given to the 2010 opinions and the reasons therefor, any error here is harmless because there is no indication that

[1] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

a correct application of the regulations would contradict the ALJ's ultimate finding that Plaintiff is not disabled"). The ALJ discussed, and identified substantive bases for his divergence from, the conclusions reached by a physician and the state agency medical consultants. (Tr. 18-19) The ALJ cited to the evidentiary record and determined that Plaintiff's ultimate allegations of impairment "are not supported by the record as a whole." (Tr. 19) That determination is entitled to deference.

While, as the R&R recognizes, (Dkt. 20 at 12), Plaintiff has called attention to record evidence he believes to be supportive of his position, (see Dkt. 21 at 3 (citing Dkt. 12 at 7-13)), there is not an "absence of substantial evidence supporting the ALJ's conclusion." Sims, 706 F. App'x at 604. Accordingly, the Court **OVERRULES** Plaintiff's first objection to the R&R.

**B. Plaintiff's second objection is due to be overruled.**

Plaintiff's second objection is that the Report and Recommendation fails to acknowledge that the ALJ erred in determining Plaintiff's RFC for handling and fingering. (Dkt. 21 at 4) Plaintiff states that "[t]he ALJ, by restricting his RFC to 'never' or 'occasionally', and nothing in between, declared he would not determine the RFC according to the requirements of the regulations, but only with regard to certain categories." (Id. at 6) Plaintiff states that "[i]f the most [Plaintiff] can do is fingering for 2 hours 40 minutes, then use of the term 'occasionally' is appropriate. However, if the most he can do is less than 2 hours, the term 'occasionally' is not appropriate and does not accurately describe his RFC." (Id.) Thus, "[t]he failure of the ALJ to consider the RFC according to the requirements of 20 C.F.R., §404.1545(a)(1) and instead

basing his RFC on broad categories requires reversal." (Id.) Plaintiff's second objection appears largely inspired by the following colloquy between the ALJ and the vocational expert ("VE"):

> ALJ: And just to clarify, you described occasional as being up to one-third of the day and we don't have anything between occasional and never. Is that right, Ms. Bramlett?
>
> VE: That's right, Your Honor.
>
> ALJ: Okay. All right. Ms. Bramlett, is the testimony you provided consistent with the Dictionary of Occupational Titles?
>
> VE: It is, Your Honor.

(Tr. 65)

Plaintiff's position is without merit. As the R&R states, "the ALJ's finding that [Plaintiff] Garwood could occasionally handle and finger is supported by substantial evidence." (Dkt. 20 at 11) Specifically,

> Neither of the state-agency medical consultants—the second of whom examined a medical record for the entire time in question—found [Plaintiff] Garwood limited in his ability to handle and finger. (Tr. 69–73, 77–83). And during the relevant period, an X-ray of his hands showed only mild osteoarthritis. (Tr. 16, 420–21). Moreover, [Plaintiff] Garwood testified that he could type for 15 to 30 minutes at a time without pain, and for 30 out of every 90 minutes. (Tr. 55). All told, more than a scintilla of evidence that a reasonable person might find adequate to support the ALJ's conclusion that [Plaintiff] Garwood could handle and finger for about two hours out of an eight-hour workday. *See* SSR 83-10, 1983 WL 31251, *5 (occasionally means up to one-third of the time or about two out of eight hours).

(Dkt. 20 at 11) The record evidence the ALJ considered (some of which is referenced in the R&R excerpt above) constitutes substantial evidence sufficient to sustain a finding that Plaintiff was capable of fingering for about two hours out of an eight-hour

workday, or up to about a third of the time. Plaintiff does not explain why the evidence the ALJ considered is insufficient to sustain his finding. Instead, Plaintiff appears to assume that the ALJ secretly determined that Plaintiff could finger less than "occasionally," but, against the weight of the evidence, nonetheless imposed on Plaintiff an RFC as capable of "occasionally" performing fingering because the ALJ felt constrained to assign a "never" or "occasionally" label, and the latter was the closer fit notwithstanding that it overstated his abilities. As demonstrated above, however, such assumption is belied by the record. Accordingly, the Court **OVERRULES** Plaintiff's second objection to the R&R.

## II. CONCLUSION

The Court finds that Plaintiff's claim was properly resolved by Judge Mizell, consistent with binding law and the applicable standard of review. Upon consideration of the Report and Recommendation, and in conjunction with an independent examination of the file, including a *de novo* review of Plaintiff's objections, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 20), is **CONFIRMED** and **ADOPTED** as part of this Order;
2. The decision of the Commissioner of Social Security is hereby **AFFIRMED**;

3. The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff; and,
4. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of September 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person